[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 18, 2011
JOHN LEY
CLERK

No. 10-12058
Non-Argument Calendar
_____

D.C. Docket No. 2:07-cv-01238-KOB

YOLANDA JACKSON,

Plaintiff-Appellant,

versus

SARA LEE BAKERY GROUP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 18, 2011)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Yolanda Jackson, an African American female who underwent treatments for

breast cancer, appeals the district court's order granting summary judgment in favor

of her former employer, Sara Lee Bakery Group ("Sara Lee"), on her discrimination and retaliation claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a), 3(a); 42 U.S.C. § 1981; the Family Medial Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.; and, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. On appeal, she argues that: (1) Sara Lee's brief in support of summary judgment was insufficient to meet its initial burden entitling it to judgment as a matter of law; and (2) the district court did not construe the facts in her favor. After thorough review, we affirm.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). "Summary judgment is appropriate only when the evidence before the court demonstrates that 'there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.'" Id. (quoting Fed.R.Civ.P. 56).

The party seeking summary judgment "bears the initial burden of informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact." Rice-Lamar v. City of Ft. Lauderdale, 232 F.3d 836, 840 (11th Cir. 2000). "When the non-moving party bears the burden of proof on an issue at trial, the moving party need not support its motion

2

with affidavits or other similar material negating the opponent's claim in order to discharge this initial responsibility.  Instead, the moving party simply may show -- that is, point out to the district court -- that there is an absence of evidence to support the nonmoving party's case."  Id. (internal citation, quotation, and alterations omitted).

Once the moving party has satisfied this initial burden, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact.  Id. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphases omitted).  If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter.  Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor."  Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-99 (11th Cir. 1992) (internal quotation, citation and

alterations omitted). However, if the non-moving party's facts are "blatantly contradicted by the record, so that no reasonably jury could believe it" the district court need not adopt that fact in ruling on the motion for summary judgment. Scott v. Harris, 550 U.S. 372, 380 (2007).

Where, as here, discrimination claims are premised on circumstantial evidence, we use the three-step burden-shifting framework established in McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802-08 (1973). See Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004). This framework applies to all of Jackson's claims. See, e.g., Martin v. Brevard Cnty. Pub. Sch., 543 F.3d 1261, 1267-68 (11th Cir. 2008) (FMLA); Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1193 (11th Cir. 2004) (ADA); Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330-31 (11th Cir. 1998) (Title VII and § 1981).

Under this framework, the plaintiff must first establish a prima facie case of discrimination, which creates a rebuttable presumption of discrimination. Standard, 161 F.3d at 1331. The employer must rebut this presumption by offering a legitimate nondiscriminatory reason for the employment action. Id. The burden then shifts back to the plaintiff to show that the proffered reasons were mere pretext. Id.

In this case, Sara Lee met its initial summary judgment burden by identifying legitimate nondiscriminatory reasons for the employment decisions, and then

4

demonstrating to the district court that Jackson was unable to establish that those reasons were mere pretext for illegal discrimination. Because the district court concluded that Jackson failed to establish pretext on each of her claims, and Jackson has not argued on appeal that this conclusion was error, she has abandoned review of this issue, and we affirm the grant of summary judgment in favor of Sara Lee. See Access Now, Inc. v. S.W. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed").

**AFFIRMED.**